```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
```

ERIC PAUL,

        Petitioner,

                                      04 Civ. 9493 (SHS)(DFE)

    -against-

                            MEMORANDUM AND ORDER

J. CONWAY, Warden,
Attica Correctional Facility,

        Respondent.

```
------------------------------x
```

DOUGLAS F. EATON, United States Magistrate Judge.

    Eric Paul's _pro se_ habeas petition challenges his 1999 conviction for robbery, burglary and possession of burglar's tools after a trial in Supreme Court, New York County, before Justice Bruce Allen and a jury. The conviction became final on June 5, 2002. Paul's habeas petition was signed and postmarked on September 20, 2004.

    The petition was presented to Chief Judge Mukasey for preliminary review. By order dated December 3, 2004, he wrote:

> . . . [U]nder the AEDPA, [Paul] had until June 5, 2003 to file his habeas petition in a timely manner.
> However, the statute of limitations may have been tolled by some of petitioner's post-conviction proceedings in state court. _See_ 28 U.S.C. § 2244(d)(2) (properly filed post-conviction applications toll statute of limitations during the time they are pending).

    Judge Mukasey then directed Paul to show cause why the

statute of limitations should not bar the petition, and he instructed Paul

> to include in his affirmation a listing of dates upon which he filed his motion for reargument of the denial of his *coram nobis* application, as well as any other post-conviction applications in state court . . ., when any post-conviction applications were decided, when he filed an appeals of those decisions, and when those appeals were decided.

Judge Mukasey also explained equitable tolling and directed Paul to "allege facts to show that any delay in submitting the instant action was excusable."

Paul timely submitted a six-page Affirmation with exhibits. The case was then assigned to Judge Stein, and on March 7, 2005 he referred it to me.

From Paul's description of events, the following chronology emerges:

| Date | Event |
|---|---|
| 11/27/01 | Appellate Division affirmed the conviction |
| 3/6/02 | Court of Appeals Judge denied leave to appeal |
| 4/11/02 | Paul filed the first motion to the Appellate Division for *coram nobis*, alleging ineffective assistance of appellate counsel |
| 6/5/02 | Conviction became final (90 days after 3/6/02) |
| 7/18/02 | Paul's legal documents were allegedly lost by prison officials when he was transferred from Attica to Green-Haven |
| 10/8/02 | Appellate Division denied the first *coram nobis* motion |
| 10/25/02 | Paul requested Court of Appeals for leave to appeal on the first *coram nobis* motion |
| 11/1/02 | Effective date of new statute allowing such a request |
| 12/30/02 | Court of Appeals Judge denied leave |
| 8/6/03 | Paul "obtain[ed] half of the copies of his legal files" |
| 8/6/03 | Paul filed second motion to the Appellate Division for *coram nobis* (characterized by the Appellate Division as a motion to reargue its prior denial of coram nobis and "for a review of his claim of ineffective assistance of appellate counsel") |
| 1/29/04 | Appellate Division denied the 8/6/03 motion |
| 2/3/04 | Paul applied to Court of Appeals for leave to appeal from the 1/29/04 denial |
| 3/31/04 | Court of Appeals Judge dismissed the application because the 1/29/04 order was not appealable |
| 9/20/04 | Paul signed and mailed his habeas petition |

Paul argues that the AEDPA one-year statute of limitations, 28 U.S.C. § 2244(d)(1), should be deemed tolled during each of the periods when he had an application pending in state court. However, 28 U.S.C. § 2244(d)(2) states:

> The time during which a <u>properly filed application</u> for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(emphasis added)  An application is "properly filed" if it is "an application for post-conviction relief recognized as such under governing state procedures," *Adeline v. Stinson*, 206 F.3d 249, 251-52 (2d Cir. 2000), and "when its delivery and acceptance are in compliance with the applicable rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 363 (2000).

Under New York law, denials of motions to reargue are not appealable.  See New York Criminal Procedure Law § 450.90 ("Appeal to court of appeals from order of intermediate appellate court; in what cases authorized"); *Evans v. Senkowski*, 228 F.Supp.2d 254 (E.D.N.Y. 2002); *Lebron v. Sanders*, 2004 WL 369141 (S.D.N.Y. Feb. 27, 2004) (Patterson, J.).  In Paul's case, the Appellate Division's 1/29/04 denial of his motion to reargue was not appealable.  Therefore, his 2/3/04 application was not "a properly filed application."  It was dismissed by a 3/31/04

4

Certificate Dismissing Application, [1] which stated:

> I, Susan Phillips Read, Associate Judge of the Court of Appeals of the State of New York, certify that the application by the defendant-appellant for a certificate to appeal pursuant to section 460.20 of the Criminal Procedure Law is dismissed because the order sought to be appealed is not appealable under Criminal Procedure Law, section 450-90(1).

In short, the statute of limitations in 28 U.S.C. § 2244(d) was not tolled at any time after January 29, 2004.

Moving back to 2003, we come to another question: was Paul's 8/6/03 motion to the Appellate Division a "properly filed application"? I conclude that it was not. It is unclear whether the First Department actually permits a motion to reargue a denial of a *coram nobis* motion. [2] In any event, Paul's 8/6/03 motion was very untimely, because Paul made it ten months after the 10/8/02 denial. Thus the 8/6/03 motion was not "properly filed." The Supreme Court has ruled: "[A]n application is

---

[1] A copy is an exhibit to the petition (Docket Item # 1).

[2] *Hizbullahankhamon v. Walker*, 255 F.3d 65, 73 (2d Cir. 2001)("Even assuming that the First Department permits motions to reargue *coram nobis* motions, however -- and petitioner has not cited, nor does our research disclose, any authority suggesting that it does . . . ."); *Gomez v. Duncan*, 2002 WL 1424584 at *2 and *3 (S.D.N.Y. July 1, 2002)(Peck, M.J.)(making no mention of *Hizbullahankhamon*); *Rodriguez v. Portuondo*, 2003 WL 22966293, *2, n.6 (S.D.N.Y. Dec. 15, 2003)(Lynch, J.);and *Lebron v. Sanders*, 2004 WL 369141, *3, n.3 (S.D.N.Y. Feb. 27, 2004), where Judge Patterson wrote: "The Second Circuit has not decided whether a motion for reargument of an application for a writ of coram nobis can be made in the First Department, and, if so, whether the filing of a motion for reargument would toll AEDPA's statute of limitations. *Hizbullahankhamon v. Walker*, 255 F.3d 65 (2d Cir. 2001). However, the Second and Fourth [D]epartments have accepted rearguments from denials of applications for writs of coram nobis. *See, e.g., People v. Grate*, 300 A.D.2d 600, 752 N.Y.S.2d 544, (App.Div. 2d Dept. 2002); *People v. Mailey* 252 A.D.2d 995, 675 N.Y.S.2d 925 (App.Div. 4th Dept. 1998)."

5

'*properly* filed' when its delivery . . . [is] in compliance with the applicable law and rules governing filings. These usually prescribe, for example . . . the time limits upon its delivery . . . ."[3] *Artuz*, 121 S.Ct. at 363.[4] The Second Circuit has ruled: "[E]ven assuming that Section 600.14(a)[5] permitted motions to reargue *coram nobis* motions, such a motion would have to be filed within 30 days of the order denying the *coram nobis* motion." *Hizbullahankhamon*, 255 F.3d at 74. *See also*, *Rodriguez*, at n.6. Accordingly, Paul's 8/6/03 motion was not a "properly filed application."

Paul argues that he should also be entitled to equitable tolling. In his six-page affirmation dated January 15, 2005, Paul offers three equitable arguments. I shall deal with each argument in turn.

At ¶ 20, he writes:

---

[3] At n.2 in *Artuz v. Bennett*, the Supreme Court said, "We express no view on the question whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed. *See, e.g., Smith v. Ward*, 209 F.3d 383, 385 (C.A.5 2000)."

[4] The Circuits differ in their interpretation of the Supreme Court's comments about timeliness in *Artuz* and in *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134 (2002). The Court has recently granted certiorari to address the question of whether an untimely state post-conviction petition may be "properly filed" under § 2244(d)(2). *Pace v. Diguglielmo*, 125 S.Ct. 26 (September 28, 2004)(Mem.).

[5] Section 600.14 of the Rules of Court of the Supreme Court, Appellate Division states: "(a) Reargument. Motions for reargument shall be made within 30 days after the appeal has been decided and shall be submitted without oral argument. The papers in support of the motion shall include a copy of the order entered upon the decision of this court, and shall concisely state the points claimed to have been overlooked or misapprehended by the court, with proper reference to the particular portions of the record and the authorities relied upon."

> #20. The petitioner should be granted
> equitable tolling due to the new change in
> the state law [that] . . . made the writ of
> Error Coram Nobis appealable to the state's
> highest court on November 1, 2002. [T]he
> state law now contradicts the Federal case
> law (*Hizbullahankhamon v. Walker*, 255 F.3d 65
> [2d Cir. 2001]), See the new amended statute
> C.P.L. § 450.90(1), amended Nov. 1, 2002[.]
> [I]t's possible that the "Jurists differ," so
> much that, it [the *Hizbullahankhamon*
> opinion?] may prevent [may have prevented?]
> the petitioner herein from filing his habeas
> corpus.

I am tentatively willing to accept this argument, but it merely gives him a toll of 83 days (from 10/8/02 to 12/30/02). [6]

At ¶ 21, Paul writes:

> #21. Petitioner also requests that he should
> be granted equitable tolling due to the fact
> that [he] had not been allotted "56 days"
> towards the time for Seeking Certiorari . . .
> April 11,-to-June 5, 2002 . . . [I]f the
> court correctly includes the 56 days [4/11/02
> to 6/5/02] -- minus 18 days [10/8/02 to
> 10/25/02] -- equalling a subtracted amount of
> "38 days" to be "attached" to December 30,
> 2002 . . . [this would be] making "March 5,
> 2003" (38 days later) the actual one year
> starting point under the A.E.D.P.A.
> Petitioner states that not being allotted the
> full 90 days toward certiorari, the correct
> number of days, that this "extraordinary
> circumstance" may prevent [may have
> prevented?] the petitioner from filing his
> habeas corpus.

This argument is wrong. The AEDPA statute of limitations could

---

[6] *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134 (2002), ruled that, as used in § 2244(d)(2), the word "pending" covers the time between a lower state court's decision [here 10/8/02] and the filing of a permitted notice of appeal to a higher state court [here 10/25/02].

7

For the reasons stated in my previous memorandums and in this Report, I am now recommending that Judge Stein dismiss Paul's petition without requiring an answer from respondent.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, any party may object to this recommendation within 10 business days after being served with a copy (i.e. by September 28, 2005), by mailing written objections to the Pro Se Clerk of the U.S. District Court and mailing copies (a) Assistant Attorney General Luke Martland at the address shown below, (b) to the Hon. Sidney H. Stein, U.S.D.J. at Room 1010, 500 Pearl Street, New York, NY 10007 and (c) to me at Room 1360, 500 Pearl Street, New York, NY 10007. Failure to file objections within 10 business days will preclude appellate review. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), and 6(e). Any request for an extension of time must be addressed to the District Judge.

_____
DOUGLAS F. EATON
United States Magistrate Judge

Dated:   New York, New York
         September 9, 2005

Copies of this Report and Recommendation (and its four incorporated documents, namely (a) my April 18 Memorandum with its Exhibits 1 and 9, (b) my June 3 Memorandum, (c) Paul's June 16 Reply, and (d) the Appellate Division's 1/29/04 order, were mailed this date to:

Eric Paul
# 99-A-4407
Eastern Correctional Facility
Box 338
Napanoch, NY 12458-0338

Luke Martland, Esq.
Habeas Corpus Unit
State Attorney General's Office
120 Broadway
New York, NY  10271

Hon. Sidney H. Stein